UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HOUSING AUTHORITY,<br><br>                                      Plaintiff,<br><br>              v.<br><br>BP PRODUCTS NORTH AMERICA INC., and MARIANINA OIL CORP.,<br><br>                                      Defendants. | ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Case No. 17-CV-6250 (NSR/JCM) |

Defendant BP Products North America Inc. ("BPPNA" or "Defendant"), by and through counsel, Devaprasad pllc and Reed Smith LLP, hereby answers the First Amended Complaint and Demand for Jury Trial of plaintiff White Plains Housing Authority ("WPHA or "Plaintiff") dated November 13, 2017 ("Amended Complaint") as follows:

## NATURE OF ACTION

1.      Paragraph 1 of the Amended Complaint states a description of this action and the Plaintiff's causes of action, and therefore no response is required. To the extent a response is required, Defendant denies the allegations as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

2.      Defendant denies the allegations in Paragraph 2 of the Amended Complaint.

## **JURISDICTION AND VENUE**

3.      Paragraphs 3, 4, 5, and 6 of the Amended Complaint state legal contentions and questions of law to which no responses are required. To the extent responses are required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 3, 4, 5, and 6 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and 8 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

5.      In response to Paragraph 9 of the Amended Complaint, Defendant admits that Plaintiff sent a letter dated August 27, 2015 to Defendant which speaks for itself, denies Plaintiff's characterization of such letter and that Defendant created any actual or threatened endangerments, releases, injuries, or damages, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 9 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

6.      In response to Paragraph 10 of the Amended Complaint, Defendant admits that Plaintiff waited at least ninety (90) days after Defendant's receipt of the August 27, 2015 letter before filing this action, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 10 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

## **THE PARTIES**

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 11, 12, 13, 14, and 15 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

8. Defendant admits the allegations in Paragraphs 16 and 17 of the Amended Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18 and 19 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

10. In response to Paragraph 20 of the Amended Complaint, Defendant admits that BP Oil Corporation owned the premises located at 34 East Post Road, White Plains, New York ("Premises") from March 4, 1969 to December 21, 1973, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 20 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

11. In response to Paragraph 21 of the Amended Complaint, Defendant admits that on December 21, 1973, BP Oil Corporation transferred title to the Premises to BP Oil Inc., and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 21 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

12. In response to Paragraph 22 of the Amended Complaint, Defendant admits that BP Oil Inc. owned the Premises from December 21, 1973 to October 5, 1983, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 22 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

13. Defendant admits the allegations in Paragraph 23 of the Amended Complaint.

14. Paragraph 24 of the Amended Complaint states a definition to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

16. In response to Paragraph 26 of the Amended Complaint, Defendant admits that Marianina Oil Corp. ("Co-Defendant" or "Marianina") acquired title to the Premises on or about June 24, 1987 and continued to own the Premises for some period of time thereafter. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 26 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

17. Defendant denies the allegations in Paragraph 27 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 27 of the Amended

Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

19.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

20.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

## **THE FACTS**

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

23.     Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 74, 75, 76, and 77 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

25. Defendant denies the allegations in Paragraphs 78 and 79 of the Amended Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

## CLAIMS FOR RELIEF

### Count I – RCRA 42 U.S.C. §6972

27. In response to Paragraph 100 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 99 of the Amended Complaint.

28. Paragraphs 101, 102, 103, 104, and 105 of the Amended Complaint state legal contentions or questions of law to which no responses are required. To the extent responses are required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101, 102, 103, 104, and 105 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

29. Denied denies the allegations in Paragraphs 106, 107, 108, 109, and 110 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in

Paragraphs 106, 107, 108, 109, and 110 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 111, 112, and 113 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

31.     Defendant denies the allegations in Paragraphs 114 and 115 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 114 and 115 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

### Count II – New York State Navigation Law §181

32.     In response to Paragraph 116 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 115 of the Amended Complaint.

33.     Paragraphs 117, 118, 119, and 120 of the Amended Complaint state legal contentions and questions of law to which no responses are required. To the extent responses are required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 117, 118, 119, and 120 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

34.     Defendant denies the allegations in Paragraph 121 of the Amended Complaint.

35.     Paragraph 122 of the Amended Complaint states legal contentions and questions of law to which no response is required. To the extent a response is required,

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

36. Defendant denies the allegations in Paragraph 123 of the Amended Complaint.

37. Defendant denies the allegations in Paragraphs 124, 125, and 126 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 124, 125, and 126 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

### Count III – Private Nuisance

38. In response to Paragraph 127 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 126 of the Amended Complaint.

39. Paragraphs 128, 129, and 130 of the Amended Complaint state legal contentions and questions of law to which no responses are required. To the extent responses are required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 128, 129, and 130 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

41. Defendant denies the allegations in Paragraphs 132 and 133 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to

form a belief as to the truth of the remainder of the allegations in Paragraphs 132 and 133 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

42. Defendant denies the allegations in Paragraphs 134, 135, 136, 137, and 138 of the Amended Complaint.

## Count IV - Trespass

43. In response to Paragraph 139 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 138 of the Amended Complaint.

44. Paragraph 140 of the Amended Complaint states legal contentions and questions of law to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

45. Defendant denies the allegations in Paragraph 141 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 141 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

46. Paragraph 142 of the Amended Complaint states legal contentions and questions of law to which no response is required. To the extent as response is required, and the reference in Paragraph 142 to "the defendant" specifically refers to BPPNA, Defendant denies the allegations in Paragraph 142 of the Amended Complaint, and otherwise,

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

47.     Defendant denies the allegations in Paragraphs 143, 144, 145, 146, and 147 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 143, 144, 145, 146, and 147 of the Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

48.     Defendant denies the allegations in Paragraphs 148 and 149 of the Amended Complaint.

## Count V - Negligence

49.     In response to Paragraph 150 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 149 of the Amended Complaint.

50.     Paragraphs 151 and 152 of the Amended Complaint state legal contentions and questions of law to which no responses are required. To the extent responses are required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 151 and 152 of the Amended Complaint and, therefore, the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

51.     Defendant denies the allegations in Paragraphs 153, 154, 155, 156, 157, 158, 159, 160, and 161 of the Amended Complaint as to Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 153, 154, 155, 156, 157, 158, 159, 160, and 161 of the

Amended Complaint and, therefore, said remainder of the allegations are deemed denied pursuant to Fed. R. Civ. P. 8(b)(5).

### Count VI – Declaratory Judgment

52. In response to Paragraph 162 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 161 of the Amended Complaint.

53. Defendant denies the allegations in Paragraphs 163 and 164 of the Amended Complaint.

### PRAYER FOR RELIEF

54. The remainder of the Amended Complaint constitutes Plaintiff's request for relief to which no responses are required. To the extent that responses are required, Defendant denies that Plaintiff is entitled to the relief sought as against Defendant, and otherwise denies knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to the relief sought against Co-Defendant.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55. The Court lacks jurisdiction over the Defendant to the extent that Plaintiff cannot satisfy the applicable federal question and supplemental jurisdictional requirements.

### SECOND AFFIRMATIVE DEFENSE

56. The Amended Complaint, in whole or in part, fails to state a cause of action, or claim for liability and/or damages, including punitive damages, against the Defendant.

### THIRD AFFIRMATIVE DEFENSE

57. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that they were not brought within the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

58. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff lacks standing to assert such claims and causes of action.

### FIFTH AFFIRMATIVE DEFENSE

59. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Defendant' actions complied with all state, federal, and/or local laws.

### SIXTH AFFIRMATIVE DEFENSE

60. The claims and causes of action in the Amended Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, unjust enrichment, assumption of risk, fraud, entire controversy, and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

61. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff failed to comply with all the necessary statutory and regulatory prerequisites to bring this action.

### EIGHTH AFFIRMATIVE DEFENSE

62. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff has failed to join all necessary and indispensable

parties to this action.

## NINTH AFFIRMATIVE DEFENSE

63. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff failed to provide proper and timely notice as required by statute and/or common law.

## TENTH AFFIRMATIVE DEFENSE

64. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff failed to satisfy the prerequisites and requirements of such claims established by the Resource Conservation and Recovery Act of 1976 (as amended) ("RCRA"), the National Contingency Plan, and New York Navigation Law Article 12.

## ELEVENTH AFFIRMATIVE DEFENSE

65. The Plaintiff does not possess a valid claim under RCRA against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

66. The claims and cause of action in the Amended Complaint under RCRA are barred to the extent that there is no evidence of substantial endangerment or imminent endangerment to health or the environment as those terms are defined in RCRA section 7002.

## THIRTEENTH AFFIRMATIVE DEFENSE

67. The claims and cause of action in the Amended Complaint under RCRA are barred to the extent that there is no reasonable cause of concern that someone or something may be exposed to risk or harm if remedial action is not taken.

### FOURTEENTH AFFIRMATIVE DEFENSE

68. Defendant did not discharge petroleum within the meaning of New York Navigation Law, Article 12, section 172, and as such, Defendant is not liable to the Plaintiff for the damages alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

69. The claims and cause of action in the Amended Complaint against Defendant based upon New York Navigation Law section 181 are barred to the extent that Plaintiff is not an injured person within the meaning of New York Navigation Law, Article 12.

### SIXTEENTH AFFIRMATIVE DEFENSE

70. Defendant is entitled to one or more of the defenses set forth in New York Navigation Law section 181(4).

### SEVENTEENTH AFFIRMATIVE DEFENSE

71. Any recovery against Defendant must be reduced to the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained.

### EIGHTEENTH AFFIRMATIVE DEFENSE

72. Any recovery against Defendant must be reduced to the extent that Plaintiff failed to implement and conduct cleanup and removal procedures regarding the discharge in accordance with environmental priorities and procedures established by the New York State Department of Environmental Conservation pursuant to New York Navigation Law, Article 12, section 176, as Defendant is not liable for those costs incurred and expended by Plaintiff that were not in accordance with such priorities and procedures.

### NINETEENTH AFFIRMATIVE DEFENSE

73. Any recovery against Defendant must be reduced to the extent that the cleanup

and removal of the discharge and/or the actions taken by Plaintiff were not undertaken, to the greatest extent possible, in accordance with the National Contingency Plan for removal of oil and hazardous substances established pursuant to section 311 (d) of the Federal Water Pollution Control Act (33 U.S.C. section 1251, *et seq.*), as amended by the Federal Oil Pollution Act of 1990 (33 U.S.C. section 2701, *et seq.*), or revised under section 105 of the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. section 9605), as required by New York Navigation Law, Article 12, section 176, as Defendant is not liable for those costs incurred by Plaintiff which were not in accordance with such plan.

### TWENTIETH AFFIRMATIVE DEFENSE

74. The claims and causes of action in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff's actions were not consistent with the National Contingency Plan.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

75. Any recovery against Defendant must be reduced to the extent that Plaintiff failed to conduct the cleanup and removal of the discharge by taking reasonable measures to prevent or mitigate damages to the public health, safety, or welfare, as required by New York Navigation Law, Article 12, section 172.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

76. Any recovery against the Defendant must be reduced to the extent that Plaintiff discharged petroleum, and/or failed to immediately, promptly or timely contain, investigate, cleanup or remove the discharges or contamination as required by New York Navigation Law Article 12 and common law, and to the extent that the Amended

Complaint does not state a viable claim against Defendant under New York Navigation Law Article 12, or any other applicable law, for any damages, including cleanup and removal costs, and direct or indirect damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

77.   Plaintiff's claims for any direct or indirect damages under New York Navigation Law Article 12, including attorneys' fees, expert witness fees, interest, and other costs, are barred to the extent that Plaintiff discharged petroleum within the meaning of such statute.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

78.   Any recovery against Defendant must be reduced to the extent that the damages alleged by the Plaintiff were, in whole or in part, caused by the discharge of petroleum, within the meaning of New York Navigation Law, Article 12, section 172, by the Plaintiff, Co-Defendant, some other third parties, or their respective agents, contractors, or representatives, over whom Defendant had no control.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

79.   Any recovery against Defendant must be reduced, including pursuant to Articles 14 and 14-A of the New York Civil Practice Law and Rules, Article 12 of the New York Navigation Law, and the common law doctrines of indemnification and contribution to the extent that the damages alleged by the Plaintiff were, in whole or in part, the result of negligent, grossly negligent, reckless, wrongful, unlawful, willful, wanton and/or malicious actions or omissions, discharges (including the failure to immediately, promptly or timely contain, investigate, contain, cleanup, remove, remediate, mitigate, minimize, and/or avoid the discharges and resulting impacts), or other such culpable

conduct, whether intentional or unintentional, on the part of the Plaintiff, Co-Defendant, some other third parties, or their respective agents, contractors, or representatives, over whom Defendant had no control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

80. Plaintiff's claim for joint and several liability is barred to the extent that New York Navigation Law Article 12 does not provide for such relief against Defendant, and to the extent that Plaintiff has not satisfied the requirements for the imposition of such liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

81. Defendant's liability, if any, must be limited, reduced, allocated or apportioned to the extent that a reasonable basis for apportionment exists as to any damages allegedly sustained or sought by Plaintiff, any contamination which allegedly resulted from discharges at or about the site, or any liability therefore.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

82. Defendant's liability, if any, is limited and may not exceed that part of the damages alleged in the Amended Complaint that are directly attributable to discharges by Defendant, or Defendant's fair, equitable, or proportionate share of the alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

83. Any recovery against the Defendant must be reduced to the extent that the costs allegedly incurred and expended by Plaintiff to contain, remove, and mitigate the discharge do not constitute, in whole or in part, cleanup and removal costs within the meaning of New York Navigation Law, Article 12, section 172.

### THIRTIETH AFFIRMATIVE DEFENSE

84.     Any recovery against Defendant must be reduced to the extent that the costs allegedly incurred by Plaintiff to investigate, contain, cleanup, remove, remediate, and/or mitigate the alleged discharges and contamination were unnecessary, unreasonable and/or excessive.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

85.     The claims and causes of action alleged against Defendant pursuant to the provisions of New York Navigation Law Article 12, are barred in whole or in part, to the extent that the statute is, in whole or in part, unconstitutional and in violation of Defendant's due process rights, including those guaranteed under the United States Constitution and the New York State Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

86.     In the event of any settlement, release, stipulations, agreements, or payments, Plaintiff's recovery, if any, against Defendant must be reduced, set-off, or limited, in accordance with the provisions of New York General Obligations Law Article 15 or other applicable federal or state law, or based on the greatest of (1) any amounts actually paid by any person or entity for any of the injuries, costs, damages and expenses alleged in the Amended Complaint, or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity for any of the injuries, costs, damages and expenses alleged in the Amended Complaint; or (3) the applicable share of the liability of any person or entity that has received, or receives, any release from liability or covenant not to sue with respect to injuries, costs, damages and expenses alleged in the Amended Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

87. Plaintiff's claims for injunctive or other equitable relief are barred to the extent that Plaintiff has an adequate remedy at law, and because such equitable relief is not available, in whole or in part, under the statutes or common law that Plaintiff has asserted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims for punitive damages are barred or limited by the United States Constitution, the New York State Constitution, and applicable federal and state statutory and common law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims for punitive damages against Defendant are barred as improper, unconstitutional, or otherwise invalid to the extent that there is a lack of clear standards, due process, or procedural safeguards relative to the imposition of any such damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims for punitive damages are barred to the extent that Defendant complied with all applicable federal, state, and local laws.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims for punitive damages are barred to the extent that Defendant's conduct does not satisfy the requirements for the imposition of such damages.

### **GENERAL DENIAL**

92. All paragraphs and allegations in the Amended Complaint that have not been specifically or otherwise responded to in this Answer are denied.

## DEMAND FOR JURY TRIAL

93. Defendant demands a jury trial of all issues triable by jury under Rule 38 of the Federal Rules of Civil Procedure and applicable law.

## RESERVATION OF RIGHTS

94. Defendant reserves all its rights, including the right to assert any appropriate or permissible third-party claims.

**WHEREFORE**, Defendant demands judgment dismissing the Amended Complaint in its entirety, and further demands such further relief as the Court may deem just and proper.

Date:  November 27, 2017

                        DEVAPRASAD pllc

By: /s/ S. David Devaprasad
S. David Devaprasad, Attorney (SD1759)
119 Washington Avenue
Albany, New York 12210
Direct: (518) 496-9238
Email: sdd@devalaw.com

and

Michael C. Falk, Esq. (admission pending)
Reed Smith LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8222
Email: mfalk@reedsmith.com

*Attorneys for Defendant
BP Products North America Inc.*