```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/26/2022
```

**MEMORANDUM ENDORSEMENT**

White Plains Housing Authority v. BP Products North America Inc.

7-17-cv-06250-NSR

The Court has reviewed Plaintiff's letter dated May 24, 2022 (ECF No. 207) and Defendant's letter dated May 26, 2022 (ECF No. 209). Plaintiff's request for an extension of the stay of the sale of the former BP Station is granted. The stay is extended to July 5, 2022.

Dated: May 26, 2022

    White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

MEMO ENDORSED

# N.W. Bernstein & Associates, LLC

800 Westchester Avenue, Suite N319 · Rye Brook, New York 10573 · (914) 358-3500 · Fax: (914) 701-0707

May 24, 2022

The Honorable Nelson S. Román
Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    *White Plains Housing Authority v. BP Products North America Inc., Marianina Oil Corp., and Atlantic Richfield Company,* Case No. 17-cv-6250 (NSR-JCM) [re. 13-cv-6282]

Dear Judge Román:

    Although the hearing in the above-entitled matter was held before Your Honor on May 6, 2022, and today is May 24, 2022, counsel for Marianina has not proposed any language change to the purchase and sale agreement for the former BP Station that would address the concerns of the White Plains Housing Authority ("WPHA") as referenced at the hearing. (Transcript pp. 23:12-25:22; 29:18-22; 30:6-11; 31:21-32:5; 33:16-34:5).

    What has happened is that the White Plains Hospital (the "Hospital") has requested that WPHA agree to supplemental sampling on its (WPHA's) property. The sampling is needed because the latest data indicates that the contamination from the former BP Station has spread well to the west and northwest on the WPHA's property beyond the plume's previously known area of contamination. It has already contaminated portions of WPHA's property in the vicinity of Building 159 that was originally remediated during the Getty litigation. The Hospital on Friday of last week indicated that it would need additional 30 days beyond the original 30 day stay of the sale of the former BP Station that Your Honor imposed on May 6, 2022, to conduct and evaluate the results of that sampling. That would extend the stay of sale of the former BP Station property from June 5, 2022, through July 5, 2022.

    WPHA expects to negotiate such an access agreement consistent with the concessions made by Mr. William Null (Chairman of the Hospital's Board) at the hearing. (Transcript 19: 23-23:14; 33:18-39:1). After completion of any such sampling and its evaluation, an amended the sale agreement will need to be negotiated if this matter is to be settled.

    Accordingly, the WPHA respectfully requests that the stay of the sale of the former BP Station be extended from June 6, 2022, through and including July 5, 2022.

N.W. Bernstein & Associates, LLC
May 24, 2022
Page 2

      We have conferred with counsel for Marianina. He takes no position as to the continued stay.

      We thank Your Honor for your attention to this matter.

      Very Truly Yours,

      /s/ Norman W. Bernstein

      Norman W. Bernstein (NB123)
      Counsel to the White Plains Housing Authority

Cc: All counsel of record via ecf



Lee J. Lefkowitz⬧■▲
llefkowitz@zarin-steinmetz.com

⬧■▲ Also admitted in CT, DC, NJ

May 26, 2022

<u>Via E-Filing</u>
Honorable Nelson S. Román
Unites States Courthouse
300 Quarropas Street
White Plains, NY 10601
F: (914) 390-4178

   Re: *White Plains Housing Authority ("WPHA") v. BP Products North America Inc., Marianina Oil Corp. & Atlantic Richfield Company*
     Case No. 17-cv-6250-NSR-JCM

Dear Judge Román:

  We write on behalf of Defendant Marianina Oil Corp. in response to Plaintiff's letter dated May 24, 2022. We take no position on Plaintiff's request that this Court extend the stay of the closing of Marianina's sale of its property to White Plains Hospital by thirty (30) days. Although such delays put at risk the ultimate closing of this sale for certain proprietary reasons, if the sale does go forward it would most likely not formally Close during that 30-day period. Notwithstanding, we cannot let stand some of the mischaracterizations Plaintiff makes in his letter.

  First, we have not, as Plaintiff implies, withheld any amendment to the Purchase and Sale Agreement from Plaintiff. We are in the process of negotiating a Rider with White Plains Hospital as directed by the Bankruptcy Court, and do not yet have a finalized, agreed-upon draft to provide Plaintiff. When we do, the parties will provide him such draft immediately.

  Second, in connection with the due-diligence provisions of our Purchase and Sale Agreement with White Plains Hospital, the Hospital conducted its own, independent sampling of both Plaintiff's and Marianina's property. Plaintiff's claim that these samples revealed unexpected results, and that this is the reason for the Hospital's desire to conduct continued sampling, is simply wrong. In Plaintiff's Order to Show Cause seeking to enjoin the sale, Plaintiff's and the Hospital's expert independently acknowledged that the test results revealed that the contamination had remained either stable or naturally attenuated. We understand that the Hospital's request for an additional thirty (30) days to conduct further tests is actually because *Plaintiff's counsel* asked the Hospital to obtain those additional samples, and the Hospital is endeavoring to reach an agreement

**ZARIN & STEINMETZ**

Hon. Nelson S. Román
May 26, 2022
Page | 2

with Plaintiff that would resolve this litigation.

We thank the Court for its attention to this matter.

Respectfully,

ZARIN & STEINMETZ

By: _____
Lee J. Lefkowitz

cc.: All counsel by E-Filing