# N.W. Bernstein & Associates, LLC

800 Westchester Avenue, Suite N319 · Rye Brook, New York 10573 · (914) 358-3500 · Fax: (914) 701-0707

June 6, 2022

*Via ECF*

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   *White Plains Housing Authority v. BP Products North America Inc., Marianina Oil Corp., & Atlantic Richfield Company,* Case No. 17-cv-6250 (NSR-JCM) [re. 13-cv-6282]

Dear Judge Román:

We are writing on behalf of plaintiff White Plains Housing Authority ("WPHA") to address a legal issue raised for the first time in Marianina's April 29, 2022 Reply Memorandum of Law in Further Support of Its Cross Motion to Stay or Dismiss the Case ("Marianina's Reply Memorandum") (ECF No. 203).  As shown below, this new argument was improperly raised for the first time in Marianina's Reply Memorandum thereby depriving WPHA of an opportunity to respond.  Second, in the new argument, Marianina incorrectly equates the New York State RCRA Corrective Action Program with the federal RCRA Citizen Suit provision regarding imminent and substantial endangerment to the reach the conclusion that remediation of the contamination at issue in this case under the August 31, 2021 Order on Consent between Marianina and the NYSDEC under the New York State Navigation Law would be equal to or more thorough than any remediation ordered by this Court pursuant to a federal RCRA citizen suit injunction. Accordingly, we respectfully request that the Court strike this argument, or in the alternative, that it consider this short letter.

<u>A New Argument May Not Be Raised in a Reply</u>

It is well settled that a legal argument may not be raised for the first time in a reply brief. *See Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (argument raised for first time in reply brief is waived); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."), *cert. denied*, 525 U.S. 1001 (1998); and *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.,* 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."). We have reviewed all of Marianina's extensive prior filings, and nowhere has this issue been previously raised.

<u>Marianina's Legal Analysis is Flawed</u>

This new argument, raised several times in Marianina's Reply Memorandum, is flawed for several reasons. For example, on page 3 of Marianina's Reply Memorandum, Marianina cites to

N.W. Bernstein & Associates, LLC
_____

June 6, 2022
Page 2

NYSDEC Guidance document CP-51 to claim that the NYSDEC imposes the same standards under the Navigation Law as would be applied under a Federal RCRA injunction. CP-51 is, however, the Soil Cleanup Guidance for all the NYSDEC remedial programs, including Brownfield, State Superfund, Navigation Law, and State RCRA Corrective Action. Marianina cites page one of the Guidance, "or consistent with the RCRA Corrective Action Program" in bold in order to suggest that the State standard somehow takes into account the federal citizen suit provisions of RCRA. It does not. Section I, CP-51 states that the policy applies to *State* programs, including the State RCRA Corrective Action Program. Section V(B)(6) of the Guidance makes this clear – it covers only "solid waste management units." As noted below, gasoline stations are not "solid waste management units."

The Navigation Law, not the State RCRA Corrective Action program is applicable to releases of petroleum in New York State. The NY State RCRA Corrective Action program only covers releases from solid waste management units (SWMUs). 6 NYRCC 373-2.6. A SWMU is any unit at a facility where solid and/or hazardous waste is or was managed that is or was <u>subject to a 6 NYCRR Part 373 permit</u>. In New York, gasoline stations are not subject to state RCRA permitting under Part 373. Instead, permitting is under the Petroleum Bulk Storage Program. 6 NYCRR section 613-1.3. The permitting, registering, and monitoring program for gasoline stations in Westchester County was delegated to the Westchester County Department of Health in 2009. DEE-22: Petroleum Bulk Storage Inspection Enforcement Policy. *See also* Westchester County Sanitary Code, Articles XXV, XXVI. And the Navigation Law provides the NYSDEC with State authority over petroleum spills. The State RCRA Corrective Action is not relevant to any issue before this Court.

Because Your Honor's Individual Rules of Practice did not permit a sur-reply, and this is a significant error in Marianina's Reply, we are bringing this issue to the Court's attention by letter.

Thank you for Your Honor's attention to this matter.

Respectfully,

*/s/ Mary E. Desmond*

_____
Mary E. Desmond (MD8008)
Counsel to White Plains Housing Authority

cc:   All counsel of Record by ECF