IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS HOUSING AUTHORITY,

Plaintiff,

-against-

34 EPR, LLC,

Defendant.

STIPULATION OF
SETTLEMENT AND ORDER

17-cv-6250-NSR-JCM

WHEREAS the White Plains Housing Authority ("WPHA" or "Plaintiff") commenced this action on August 18, 2017, against Defendant BP Products North America Inc. ("BPPNA") pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. 6901 et seq.; the New York State Navigation Law, N.Y. Nav. Law 181, and state law regarding a private nuisance, trespass, and negligence, seeking declaratory relief, injunctive relief, damages, and attorneys' fees and costs for the contamination emanating from a former service station at 34 East Post Road, White Plains, New York (the "Service Station") and impacting Plaintiff's real property at and in the vicinity of its building located at 33 Fisher Court, White Plains, New York ("Building 33"); and

WHEREAS Marianina Oil Corporation ("Marianina"), the then owner of the former Service Station, and Atlantic Richfield (an affiliate of BPPNA) were subsequently added as defendants in this action; and

6870394v.11

WHEREAS in or about November 2019, the case against each of BPPNA and Atlantic Richfield was settled, they were dismissed from this action, and this case continued against Defendant Marianina; and

WHEREAS on August 27, 2020, WPHA was granted summary judgment against Marianina on all issues, including the issue of liability for creating an imminent and substantial endangerment to WPHA and its community, under RCRA for injunctive relief to abate the endangerment to WPHA and its community (ECF No. 112); and

WHEREAS in September 2020, Marianina filed for bankruptcy under Chapter XI of the Bankruptcy Code; and

WHEREAS on October 30, 2020, Magistrate Judge Judith McCarthy ruled that the grant of an injunction under RCRA was not stayed by the Bankruptcy filing; and

WHEREAS on September 8, 2022, the White Plains Hospital Medical Center ("White Plains Hospital"), 34 EPR and Marianina entered into an amended version of a NYSDEC Order that Marianina had previously signed that added White Plains Hospital and 34 EPR as Respondents to the Order; and

WHEREAS on December 16, 2022, this Court entered an Order substituting 34 EPR, for Marianina as the defendant in this action on the terms provided for therein and stated "Plaintiff retains the same rights, claims and defenses against White Plains Hospital it otherwise would possess as against Marianina" (ECF No. 229) – White Plains Hospital being the sole member and manager of 34 EPR; and

2

6870394v.11

WHEREAS on December 19, 2022, this Court denied a motion previously made by Marianina to dismiss or stay this action based on the NYSDEC Consent Order (ECF No. 230); and

WHEREAS White Plains Hospital, although a non-party to this action, is the sole member and manager of 34 EPR, and agrees to comply with the obligations assigned to it under this Order; and

WHEREAS the undersigned parties wish to finally and fully resolve this action and all claims, disputes, relief sought, and damages associated therewith, without the need for further litigation by entering into this stipulation of settlement and order (the "Stipulation and Order"); and

NOW, THEREFORE, it is hereby AGREED AND ORDERED as follows:

1.      The foregoing "WHEREAS" recitals are included herein as if set forth at length. 34 EPR shall remediate the Service Station and WPHA's adjacent property in the vicinity of WPHA's Building 33 in accordance with this Stipulation and Order and its attachments so as to protect health and the environment from endangerment within the meaning of RCRA and to maintain the jurisdiction of this Court as follows:

a.      During said remediation of the contaminated soils on, under and associated with the under the Service Station and to the east, north, and west (and all points in between) of the Service Station, on and under all adjacent impacted WPHA

3

6870394v.11

property, soil shall be excavated until all soil data from side walls and bottom samplings comply with the attached Table 1 or the red line on the attached Figure A is reached.

b.    All contaminated soils to the south of the Service Station shall be excavated until all data from side wall and bottom samplings to the south of the Service Station at least meet the Commercial Use Soil Cleanup Objectives of the NYSDEC per 6 NYCRR Part 375-6.8(b).

c.    Notwithstanding (a) and (b) above, 34 EPR shall not be required to excavate beyond the red line in attached Figure A. Additionally, 30 days before commencement of excavation, 34 EPR shall provide a draft work plan to Plaintiff's consultant, First Environment, Inc. ("First Environment")[1] for its review and comment and 34 EPR shall have conducted a ground penetrating radar ("GPR") survey to the west and north of the former Service Station. The GPR survey is to be overseen by a New York licensed professional engineer to determine the actual location of the known underground fuel oil storage tanks ("USTs") on WPHA's property to the north and the location of underground utilities (such as sewer lines and electrical conduits) under the former Brookfield Street to the west of the Service Station.

d.    The work plan for the remedial excavation will include the current Figure A, which shall be supplemented to include the approximate GPR determined

---

[1] WPHA reserves the right to substitute another comparably licensed environmental consulting firm for First Environment.

4

physical location of the USTs and utilities. The work plan shall be prepared, signed, and sealed by the NY licensed professional engineer.

e.    The work plan shall provide that when the excavation approaches the area of the USTs to the north of the Service Station and utilities under the former Brookfield Street to the west of the Service Station mechanical excavation shall stop and the parties' engineers shall confer as to mutually agreeable steps to determine how close to the distances provided in (f) below the excavator can safely approach the USTs to the north and the utilities to the west to avoid harm disruption or damage to the USTs or the utilities.

f.    34 EPR shall not be required to excavate within ten feet of the southernmost UST on WPHA's property or within five feet of underground utilities located under the former Brookfield Street to the west assuming 34 EPR's engineers and First Environment's engineers agree those are safe distances to avoid any harm, disruption or damages to the USTs or utilities. If there is any differences of views, the parties' engineers shall confer and reach an agreement as to what is the nearest safe distance. 34 EPR shall have no responsibility for excavating elevated levels of chlorinated solvents. WPHA agrees to cooperate with 34 EPR in connection with its performance of the work under this Stipulation and Order, including without limitation providing access to the land to be remediated within the red line on Figure A, taking or refraining from such actions as might be reasonably needed in connection with 34

5

EPR's work, and providing any paperwork or information as may be reasonably necessary in connection with the work.

g.    Notwithstanding (a) through (f) above, neither 34 EPR nor White Plains Hospital shall be required to remediate any significant new fuel oil discharge from the USTs.

h.    In the event groundwater in the excavation contains DNAPL, emits an odor of petroleum or has a visible sheen, 34 EPR shall pump, treat, and properly dispose of the treated groundwater during the excavation until the soil standards set forth above have been achieved and the excavation has been backfilled as provided for herein.

i.    First Environment shall be permitted access to observe and conduct sampling of the excavation and groundwater during the excavation.

j.    Before the excavation is backfilled, the parties shall confirm in writing to this Court that the soil criteria set forth in Paragraphs 1(a) through 1(c) have been achieved and that Paragraphs 1(d) through 1(h) have been complied with.

k.    Upon completion of the soil excavation (and treatment of groundwater if required pursuant to Paragraph 1(h)), 34 EPR will backfill the excavation and restore the surface of WPHA's property to a condition at least as good as it was prior to the excavation.

6

l.      In the event that during the remediation 34 EPR is required to destroy parking spaces in use by WPHA or its community prior to the excavation, 34 EPR shall provide substitute parking that is mutually agreed upon at no cost to the WPHA or its community.

m.      All the work required by this Stipulation and Order shall start on or before November 15, 2024 and all the work required by this Stipulation and Order must be fully completed no later than June 30, 2025, time being of the essence.

n.      Until all the remediation hereunder has been completed pursuant to this terms in this Stipulation and Order, 34 EPR will not seek to sell, pledge, lease or otherwise transfer control of Service Station or the real property of the Service Station without the prior written consent of this Court. Any person or entity seeking to take title to or otherwise to take control of the Service Station, prior to and as a condition of such sale or other transfer of control, is to first receive a copy of this Stipulation and Order, promptly file an appearance in this Court submitting to the jurisdiction of this Court, and comply with all the terms of this Stipulation and Order as 34 EPR would be required to do. Once the all remediation has been completed pursuant to this Stipulation and Order, 34 EPR may sell, pledge, lease or otherwise transfer control of the Service Station and/or real property of the Service Station as it deems appropriate, in accordance with applicable law.

o.      Until all the remediation hereunder has been completed pursuant to this Stipulation and Order any attempt at a sale or other transfer of title or control over the

7

Service Station and/or real property of the Service Station that is not in compliance with this Stipulation and Order shall be deemed a willful violation of this Stipulation and Order and, in addition, such attempted sale or transfer shall be null, void and of no effect. Once all the remediation hereunder has been completed pursuant to this Stipulation and Order, 34 EPR may proceed as provided in the immediately preceding subparagraph.

2.      White Plains Hospital, which is the sole member and manager of 34 EPR, (a) consents to 34 EPR entering into this Stipulation and Order, (b) will cooperate with 34 EPR to help it obtain financing for, and carry out, the remediation provided for herein, and (c) neither White Plains Hospital nor 34 EPR shall use or seek to use the NYSDEC Consent Order as a basis for reducing or otherwise altering their obligations under this Stipulation and Order.

3.      All parties will bear their own costs and attorney's fees.

4.      Upon completion of all of the remediation work provided for hereunder, any and all claims for damages, relief, and disputes by Plaintiff related to the matters and claims asserted in or related to this action against 34 EPR and/or White Plains Hospital are fully released.

5.      This Stipulation and Order is the product of mutual negotiations by the parties who have at all times been represented by counsel and is the result of joint drafting. This contains the parties' entire understanding with respect to the subject matter hereof. There are no representations, promises, or understandings other than those in this Stipulation and Order.

8

6870394v.11

6.      This Court will retain jurisdiction to interpret and enforce this Stipulation and Order.

N.W. BERNSTEIN & ASSOCIATES, LLC
*Counsel for the Plaintiff White Plains Housing Authority*

By: _____

Norman W. Bernstein NB5123
800 Westchester Ave., Suite N-319
Rye Brook, New York 10573
914 358-3500
nwbernstein@nwbllc.com


GARFUNKEL WILD, P.C.
*Counsel for Defendant 34 EPR, LLC and*
*Non-Party White Plains Hospital Medical*
*Center (signing as to paragraph 2 only)*

By: _____

Kevin G. Donoghue KD2875
111 Great Neck Road
Great Neck, New York 11021
516-393-2535
kdonoghue@garfunkelwild.com
Dated:
White Plains, New York


SO ORDERED


_____

Nelson S. Román
United States District Judge


9

6870394v.11